**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3255-17T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RICARDO J. CUNHA,

    Defendant-Appellant.

_____

Submitted March 18, 2019 – Decided April 1, 2019

Before Judges Sabatino and Haas.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 15-03-0308.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Lila B. Leonard, Deputy Attorney General, of counsel and on the briefs).

PER CURIAM

Defendant Ricardo Cunha appeals from the December 7, 2017 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

After a confidential informant provided information to the police that defendant was selling large quantities of cocaine, the Hudson County Prosecutor's Office Narcotics Task Force arranged a series of controlled buys of cocaine from defendant by the informant and an undercover detective. As part of these transactions, the police put defendant's home[1] under surveillance, and then called defendant on his cell phone. After each call, the police watched as defendant left his home, got in his car, and drove to the agreed upon location to complete the sales.

The police then obtained a search warrant for defendant's home,[2] car, and person. In his detailed affidavit in support of the warrant application, the supervising detective gave his opinion, based on his extensive training and expertise in drug trafficking investigations, that there was probable cause to believe that defendant was

---

[1] Defendant lived in the first-floor apartment of a two-family home. In addition to conducting a surveillance to confirm his residence, the detectives ran a "postal address check" to confirm that defendant lived in that apartment.

[2] The search warrant was limited to the apartment where defendant lived.

utilizing his residence . . . for the purposes of storing and distributing cocaine. The justifications for these opinions are contained in the facts and circumstances of this investigation as detailed in [the detective's twenty-one page affidavit] and are consistent with [the detective's] experience involving locations such as this. In order to conduct this type of business [as defendant] . . . is conducting, [defendant] must necessarily keep in his possession and close at hand in the subject location not only the drugs he is storing, transporting and selling[,] but also the paraphernalia and material routinely used to prepare, process, package and store those drugs. The items which [the detective] has probable cause to believe will be found in and about the subject premises . . . include packaging material and equipment, storage containers, scales, measuring devices, telephone numbers, lists, books and records of drug transaction and contraband money from drug transactions.

In the search of defendant's first-floor apartment that followed, the police found five ounces of cocaine, a handgun, digital scales, over $6000 in cash, two large bags of marijuana, over fifty syringes, and many other drug-related items.

Based upon this evidence, a Hudson County grand jury returned a sixteen-count indictment charging defendant with second-degree distribution of cocaine, N.J.S.A. 2C:35-5(a)(1) (counts one and four); third-degree distribution of cocaine within 1000 feet of school property, N.J.S.A. 2C:35-7 (counts two, five, and nine); second-degree distribution of cocaine within 500 feet of a public building or park, N.J.S.A. 2C:35-7.1 (counts three and ten); first-degree

3

possession of cocaine with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(1) (counts six and seven); third-degree possession of cocaine with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(11) (count eight); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1) (count eleven).

The indictment also charged defendant with second-degree possession of a firearm during the commission of a narcotics transaction, N.J.S.A. 2C:39-4.1(a) (count twelve); fourth-degree possession of hollow point bullets, N.J.S.A. 2C:39-3(f) (count thirteen); third-degree possession of cocaine, N.J.S.A. 2C:35-10(a)(1) (count fourteen); third-degree resisting arrest, N.J.S.A. 2C:29-2(a) (count fifteen); and third-degree aggravated assault on a law enforcement officer, N.J.S.A. 2C:12-1(b)(5)(a) (count sixteen).

Defendant and his attorney then negotiated a plea agreement with the State, and defendant pled guilty to counts seven and eleven in return for the State's recommendation that the court dismiss the other fourteen charges, and sentence defendant to a ten-year aggregate term, subject to a forty-two month period of parole ineligibility. The court thereafter sentenced defendant in accordance with his negotiated plea.

A-3255-17T1

Defendant did not file a direct appeal, but subsequently submitted a timely petition for PCR. Defendant argued that his attorney provided ineffective assistance by failing to challenge the propriety of the search warrant on probable cause grounds. Specifically, defendant argued that even though the police observed him leaving his home to go to the site of each of the drug transactions, and despite the detective's statement that high-volume drug dealers like defendant keep the drugs and the other tools of their trade "close at hand," the police did not have probable cause to search defendant's home.

In a thorough written opinion, the trial court rejected defendant's argument. The court noted that the judge who reviewed the warrant application "concluded that probable cause existed as a result of a detailed and extensive investigation" conducted by the police. The court further found:

> The police observed the defendant making multiple controlled purchases to undercover officers. Additionally, the police utilized a confidential informant to obtain more information in support of the search warrant. The Drug Enforcement Administration was also involved in the investigation and placed a GPS device on [defendant's] vehicle, which provided further support for the search warrant. The confidential informant also informed police that [defendant] distributes large quantities of cocaine. The totality of the circumstances support the judge's finding that probable cause did exist.

A-3255-17T1

> [Defendant] points to no defense in law or in fact that would have precluded a judge from concluding, that under these facts, probable cause existed. Therefore, the assertion that [no] probable cause existed is meritless. As a matter of law, counsel cannot be deemed ineffective for failing to raise a meritless issue.

The court found that an evidentiary hearing was not necessary because defendant failed to prove a prima facie case of ineffective assistance. This appeal followed.

On appeal, defendant again argues that he "is entitled to an evidentiary hearing on his claim that counsel rendered ineffective assistance by failing to file a motion to suppress the items seized in his home because the search warrant lacked probable cause."

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, that he or she is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013); State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing and the defendant "must do more than make bald assertions

that he [or she] was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance. Preciose, 129 N.J. at 462.

To establish a prima facie claim of ineffective assistance of counsel, the defendant is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his or her right to a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987). The United States Supreme Court has extended these principles to a criminal defense attorney's representation of an accused in connection with a plea negotiation. Lafler v. Cooper, 566 U.S. 156, 162-63 (2012); Missouri v. Frye, 566 U.S. 134, 143-44 (2012).

There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. Further, because prejudice is not presumed, Fritz, 105 N.J. at 52, the defendant must demonstrate "how specific errors of counsel undermined the reliability" of the proceeding. United States v. Cronic, 466 U.S. 648, 659 n.26 (1984).

We have considered defendant's contentions on appeal in light of the record and applicable legal principles and conclude that they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons expressed by the trial court in its written opinion, and add the following comments.

Where, as here, a defendant asserts his attorney was ineffective by failing to file a motion, he must establish that the motion would have been successful. "It is not ineffective assistance of counsel for defense counsel not to file a meritless motion[.]" State v. O'Neal, 190 N.J. 601, 619 (2007). For example, where a defendant complains his or her counsel should have filed a suppression motion, "the defendant not only must satisfy both parts of the Strickland test but also must prove that his [or her] Fourth Amendment claim is meritorious." State v. Fisher, 156 N.J. 494, 501 (1998).

"[S]earch warrants must be based on sufficient specific information to enable a prudent, neutral judicial officer to make an independent determination that there is probable cause to believe that a search would yield evidence of past or present criminal activity." State v. Keyes, 184 N.J. 541, 553 (2005). "Probable cause for the issuance of a search warrant requires 'a fair probability that contraband or evidence of a crime will be found in a particular place.'" State

v. Chippero, 201 N.J. 14, 28 (2009) (quoting United States v. Jones, 994 F.2d 1051, 1056 (3d Cir. 1993)).

When issuing a search warrant, a court must consider the totality of the circumstances to determine whether probable cause exists. State v. Novembrino, 105 N.J. 95, 122 (1987) (adopting the totality of the circumstances test set forth in Illinois v. Gates, 462 U.S. 213, 238 (1983)). When reviewing whether probable cause exists for a warrant, a reviewing court must consider the "four corners" of the affidavit and any sworn testimony given before the issuing judge. State v. Wilson, 178 N.J. 7, 14 (2003). A defendant has the burden to show the absence of probable cause. Keyes, 184 N.J. at 554.

Applying these principles, we are satisfied that the trial court properly concluded that there was ample probable cause to support the State's application for a search warrant for defendant's home. The police surveillance operation demonstrated that defendant was using his residence as the base for his drug transactions. Defendant was at home prior to each of the sales and, after the detectives contacted him there, he went directly from his apartment to the sites where he sold cocaine to the confidential informant and the undercover officer. Thus, there was a sufficient nexus between defendant's illegal activities and his home base to support the issuance of a search warrant for his first-floor

residence.  State v. Myers, 357 N.J. Super. 32, 39-40 (App. Div. 2003) (concluding that police officers had sufficient probable cause to believe drug evidence would be found at the defendant's residence because on the same day the officers observed drug transactions at a nearby location, they observed the defendant leaving his residence and giving a brick of suspected heroin to one of the dealers at that location).  Thus, any challenge to the warrant on probable cause grounds would not have succeeded.

In addition, the experienced detective who prepared the warrant application opined in his detailed affidavit in support of the warrant that dealers like defendant, who sell large quantities of narcotics, need to store the drugs and their equipment close at hand in a safe location.  Here, defendant went straight from his apartment to the scene were the drug transactions occurred, which further supported the warrant judge's finding that there was probable cause to search defendant's residence for evidence of drug trafficking.  Under these circumstances, there was simply no basis for any challenge to the warrant.

Defendant citation to the Supreme Court's decision in State v. Boone, 232 N.J. 417 (2017) in support of his argument to the contrary is unavailing because that case is readily distinguishable from the matter at hand.  In Boone, the Court found that a search warrant for the defendant's apartment was invalid because

the application submitted by the police did not specify how they knew that the defendant lived in that specific apartment as opposed to one of the twenty-nine other units in the building. Id. at 429-30. Specifically, the Court stated that "there was nothing in the affidavit to indicate where [the defendant] lived, how police knew which apartment was his, or how the apartment was connected to his drug dealing." Id. at 430.

That was certainly not the case here. As discussed above, the detectives knew defendant lived in the first-floor apartment of the two-family home because they conducted an extensive surveillance of that location. They also performed a postal address check to confirm that defendant lived in that apartment. In addition, the detectives meticulously demonstrated how the apartment was connected to defendant's drug dealing[3] by showing that he was home when they called him to arrange the drug buys, and he then went directly from his apartment to meet the undercover officer with copious amounts of cocaine in his possession. Thus, unlike in Boone, the detectives clearly had

---

[3] The detective who prepared the search warrant application also opined that drug dealers like defendant, who package and sell cocaine on this scale, need to keep the drugs in their possession and close at hand. This further buttressed the warrant judge's conclusion that probable cause existed for the issuance of the warrant.

probable cause to support the search warrant application to search defendant's first-floor apartment.[4]

In sum, defendant's attorney was not ineffective because he failed to file a motion to suppress the evidence seized when the police executed the warrant. Because defendant did not establish a prima facie case of ineffective assistance of counsel under <u>Strickland</u>, the court was not required to conduct an evidentiary hearing on defendant's PCR application. <u>Preciose</u>, 129 N.J. at 462.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] Defendant mistakenly argues that the search warrant "covered the entire two-family home, even though police knew that [defendant] received mail at the first-floor residence." Contrary to defendant's assertion, the warrant was specifically limited to defendant's apartment on the first floor and that was the only portion of the building that the police searched pursuant to the warrant.

A-3255-17T1